## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **KENNETH P. DOYLE,** | ) | **CASE NO. 1:20 CV 2343** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ATHAN C. SARANTOPOULOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

| | | |
|---|---|---|
| **KENNETH P. DOYLE,** | ) | **CASE NO. 1:20 CV 2345** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DESPINA SARANTOPOULOS,** | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

These are two more *in forma pauperis* actions filed *pro se* by Plaintiff Kenneth P. Doyle against Defendants Athan and Despina Sarantopoulos. The Plaintiff's complaints in the captioned actions are identical, and although unclear, purport to assert breach of contract and/or other state-law claims against the Defendants relating to real property. The Plaintiff has already filed at least two prior cases in this district purporting to assert state-law claims against the Defendants relating to the same matter. Those cases were dismissed before service for lack of subject-matter jurisdiction and for failure to state a claim. *See Doyle v. Athan Sarantopoulos, et*

*al.*, Case No. 1: 19 CV 2426 (N.D. Ohio Feb. 10, 2020); *Doyle v. Athan Sarantopoulos, et al.,* Case No. 1: 17 CV 2583 (N.D. Ohio Feb. 9, 2018).

These cases, likewise, must be summarily dismissed.  A district court may *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction at any time.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

There is no basis for an exercise of federal subject-matter jurisdiction in either of these cases as there are no allegations in the complaints from which this Court may infer that the Plaintiff and the Defendants are citizens of different states as required to establish diversity jurisdiction under 28 U.S.C. § 1332.  The complaints do not allege any discernible federal question for purposes of establishing jurisdiction under 28 U.S.C. § 1331.

Further, a district court may *sua sponte* dismiss any complaint for lack of subject-matter jurisdiction when the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).   The Court also finds dismissal of the Plaintiff's complaints warranted pursuant to *Apple v. Glenn*.  The Plaintiff's allegations are so incomprehensible, unsubstantial, and frivolous that they do not provide a basis to establish this Court's subject-matter jurisdiction over any valid claim, and they are no longer open to discussion to the extent they have already been found insufficient in a prior case.  *See* Case No. 1: 17 CV 2583.

### Conclusion

In accordance with the foregoing, the above-captioned actions are both dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn*, 183

F.3d 477.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.

                                                              12/7/2020
                                          _____
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE